(C. D. 551)

M. Pressner & Co. *v.* United States

United States Customs Court, First Division

(Dated November 10, 1941)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*John J. McDermott*, special attorney), for the defendant.

Before WALKER and TILSON, Judges

TILSON, Judge: When these five cases were called for a hearing, counsel for the plaintiff moved to amend the same by adding thereto the following:

Said merchandise is dutiable at 45% under par. 409 of the Tariff Act of 1930.

Thereupon counsel for the Government objected and moved "to dismiss the cases insofar as balloons are concerned, because there are no balloons enumerated in the protest whatsoever."

Since the language, the claims of the plaintiff, the motions to amend and the objections thereto in each case are practically the same, and since suit 779906–G is similar to the other cases, we shall refer specifically to that case in disposing of the questions now before us.

The original protest is against the action of the collector in assessing duty at 70 per centum under paragraph 1513 of the act of 1930 on "rubber stamp, horns; tennis rackets, metal tin whistle, wooden pop gun, metal wrist watch, wood blocks, lip warbler, harmonicas, noise-makers, rubber sponge ball, and sim. mdse." covered by the entries named below. Claim is then made for lower rates of duty under seven different paragraphs of the same act.

It is a fact of which this court may well take notice that thousands of protests have been filed before this court where there was nothing more than an objection to the rate of duty under a certain paragraph, and yet as to these thousands of protests no objection has ever been raised on the ground that they were not sufficiently specific. It is to be noted that the appraiser, in a special answer to the protest, appears to have clearly and fully understood the protest and that he considered it sufficiently specific, when he made the following report:

The merchandise in question consists of whistles, horns, rubber stamps, etc., composed of various materials, excepting products provided for in paragraph 31, and chiefly used for the amusement of children.

For the numerous items of merchandise covered by four entries which, as stated by the appraiser, are "composed of various materials,"

we do not consider five claims as to such merchandise sufficient to constitute multifariousness in this protest. The words:

Rubber stamp, horns, tennis rackets, metal tin whistle, wooden pop gun, metal wrist watch, wood blocks, lip warbler, harmonicas, noisemakers, rubber sponge ball, and sim. mdse.

we consider as an effort on the part of the plaintiff to make the protest more specific and to call to the attention of the collector certain items, among others, upon which protest was made. These are not to be considered as words of limitation on the part of the plaintiff, and particularly so in view of the concluding words "and sim. mdse." It is clear from the official papers that the customs officials so understood the protest. In view of the fact that we would consider the protest as sufficiently specific had the above-quoted words been omitted, we are not inclined to penalize the plaintiff herein for his effort to aid the customs officials and make the protest specific, by holding that they are words of limitation. The words "Said merchandise," in the amendment, refer to merchandise which was assessed with duty at 70 per centum under paragraph 1513, and this appears to be clear to all concerned.

In support of his motions, counsel for defendant quotes the decision in the case of *United States* v. *Gretsch*, 26 C. C. P. A. 267. We think the following quotation from that case clearly points to the correct solution of the questions raised in this case:

* * * While an irrelevant claim, inadvertently made, might not of itself invalidate a protest, surely it cannot be urged that a protestant has a right to claim that his goods are dutiable in all the other paragraphs of the tariff act except those under which the collector classified them. Obviously, such a pleading would not be a compliance with the law. A pertinent inquiry might be made as to where the line is to be drawn. On this phase of the case it is sufficient to say that we are of the opinion that no hard and fast rule can be made. Each statement of facts should rest on its own bottom. If the multiplicity of claims hides the *real* claims in such a way that it has not been made clear to the collector what is in the mind of the protestant, there has been no compliance with the requirement of the law.

Eight claims in a protest is not a claim by the protestant "that his goods are dutiable in all the other paragraphs of the Tariff Act except those under which the collector classified them," and it has been shown that eight claims in this case do not hide the real claims in such a way that it has not been made clear to the collector what was in the mind of the protestant. Some of the paragraphs under which claim is made in the cases before us are more remotely related to the goods than others; nevertheless, it cannot be safely said that they have no relation whatever to the merchandise or that the merchandise could not be classified under any of them if the others were out of the way.

In view of the different state of facts existing in this case to the state of facts existing in the *Gretsch* case, *supra,* that case becomes an

authority for denying the motions of the defendant and granting the motions of plaintiff.

For the reasons hereinbefore stated the motions of counsel for the defendant are hereby denied, and the motions of counsel for the plaintiff to amend the protests are hereby granted.